**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHELLE PATTON,

    Plaintiff,

v.                                               Case No: 6:23-cv-42-LHP

AFRICAN ART MARKET PLACE,
LLC and MARGARET MBWIKA,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF FLSA UNPAID WAGE CLAIM SETTLEMENT AGREEMENT (Doc. No. 19)**
>
> **FILED:** June 7, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is the parties' joint motion for approval of their FLSA settlement. Doc. No. 19. Upon review, the motion will be denied without prejudice for two reasons. First, on June 8, 2023, the Court entered an Order

requiring the parties to file within three days a notice stating whether or not the parties have entered into any agreement (whether oral or in writing) that has not been disclosed to the Court and (a) is in any way related to this action or (b) otherwise contains a release extending beyond the FLSA claims in this action, contains a confidentiality provision, or contains a non-disparagement provision. Doc. No. 20.   The parties have failed to comply with that Order.

Second, the parties' agreement contains a release that appears to extend beyond the wage claims alleged in the complaint.   Doc. No. 19-1 ¶ 4.   Specifically, although labeled as a "Waiver and Release of Wage Claims," the release extends to non-parties to the agreement, and encompasses:

> any and all wage-related claims and demands, past or present known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, relating to any wage-related claim which Plaintiff [and several other non-party "Releasors"] ever had or now ha[s], by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of Plaintiff's execution of this Agreement.   Plaintiff agrees to never file a lawsuit against Releasees for any wage-related claim released in this Agreement.

*Id.*   "[A] release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla.

Dec. 18, 2015). Here, the release clearly is not. Doc. No. 19-1 ¶ 4. Accordingly, absent further explanation and legal authority supporting inclusion of this release provision, the Court cannot approve the parties' agreement. *See Monahan*, 2015 WL 9258244, at *2 ("Plaintiff is required to release without limitation all claims relating to her employment with Defendant, regardless of whether those claims are known or unknown, are related or unrelated to the wages she seeks, or arise directly or indirectly out of her employment. The result is an impermissible windfall to Defendant."). Moreover, insofar as the release extends to non-parties to the agreement, Courts have found this to be impermissible. *See Bragg v. Marriott Int'l, Inc.*, No. 6:22-cv-265-WWB-EJK, 2022 WL 17082043, at *4 (M.D. Fla. Nov. 18, 2022) ("The undersigned cannot approve a release to a 'host of individuals and entities' including 'unnamed past and present employees, agents, affiliated and subsidiary companies . . .'" (quoting *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017)); *Lina Arguelles et al. v. Noor Baig, Inc.*, No. 6:16-cv-2024-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017) ("[A] general release may not be used to release a non-party. Even if the parties were to cabin

the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party.").[1]

For these reasons, the above-styled motion (Doc. No. 19) is **DENIED without prejudice**.  On or before **June 27, 2023**, the parties shall file a renewed motion, which must address the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Although the agreement purports to contain a severability provision, it states that "[i]f any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid."  Doc. No. 19-1 ¶ 12.  Accordingly, the Court will require the parties to rectify these issues or to support inclusion of these provisions with citation to legal authority in a renewed motion.